CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

APR 3 0 2008

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD TOLAND FIELDS,<br>Petitioner, | Civil Action No. 7:07cv00492<br>(Criminal Case No. 5:04cr30018) |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner Richard Toland Fields, Federal Register Number 10735-084, filed this pro se action as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Fields challenges his sentence for conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, also known as "crack cocaine," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a). The government filed a motion to dismiss in response to Fields's § 2255 motion, and the clerk of court sent Fields a notice of the government's response, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which he was notified of his opportunity to file a response to the government's Motion within 20 days. Fields timely filed a response to the government's motion, and the matter is now ripe for the court's consideration. Upon review of the record, the court will grant the motion to dismiss.

## I. Factual and Procedural Background

On August 18, 2004, a grand jury returned a 34-count indictment against Fields and 13 other defendants. Fields was charged in count one of the indictment with conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture containing cocaine base, also known as "crack cocaine." In accordance with the law prior to United States v. Booker, 543 U.S. 220 (2005), two special offense characteristics were alleged in the indictment, one relating to drug weight

and the other to the possession of a firearm during the commission of the conspiracy. The indictment was tried to a jury, which found Fields guilty of count one on March 18, 2005. The court conducted a sentencing hearing on September 16, 2005. During the hearing, the court accepted the findings of the Presentence Investigation Report ("PSR"), which held Fields responsible for 496 grams of crack cocaine, and sentenced Fields to a 210 month period of incarceration, a sentence that represented a downward variance of 25 months from the advisory Sentencing Guideline range. Fields filed a timely notice of appeal to the Fourth Circuit Court of Appeals and argued that the district court violated the Sixth Amendment by imposing sentencing enhancements based on facts found by the court by a preponderance of the evidence. Fields also argued that the district court erred in finding that he was accountable for 496 grams of crack cocaine and that he possessed a firearm during the course of the conspiracy. The Court of Appeals affirmed Fields's conviction and sentence on July 7, 2006. Fields timely filed the instant § 2255 motion on October 15, 2007. He raises the following challenges to the validity of his criminal sentence:

> (1) The government failed to prove that the Schedule II substance for which he was indicted was crack cocaine, as opposed to cocaine base.
>
> (2) The government failed to prove, by a preponderance of the evidence, that Fields was accountable for 496 grams of crack cocaine.
>
> (3) The court erred in finding that Fields possessed a firearm during the course of the conspiracy and thus, wrongly enhanced his guideline level by two levels for gun possession.

## II. STANDARD OF REVIEW

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences

2

pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). In order to move the court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

### III. DISCUSSION

#### A.

Fields first asserts that the government failed to prove beyond a reasonable doubt that the Schedule II substance for which he was indicted was crack cocaine, as opposed to cocaine base. Accordingly, Fields contends both that the court wrongly sentenced him for possession and distribution of crack cocaine, and that counsel provided ineffective assistance by failing to object to the sentence. The court has little trouble dismissing this argument for several reasons. First, for the purposes of 21 U.S.C. § 841, the statute under which Fields was indicted, the term "'cocaine base' includes cocaine freebase, commonly referred to as crack." United States v. Pinto, 905 F.2d 47, 50 (4th Cir. 1990). See also United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997). Second, the Fourth Circuit found no error in the district court's finding that Fields was accountable for at least 150 grams of crack. Third, Fields acknowledged at the sentencing hearing that he was present at co-defendant, Merit's house when co-defendants, "C," "B," and "Meeko," brought large packages of crack cocaine. He also admitted that he knew they were distributing the crack, and that he

3

understood that he was "assisting in the distribution of all those lumps of crack that C, B and Meeko were bringing." Finally, Fields offers absolutely no evidence to suggest that the substance was anything other than crack cocaine. Accordingly, the court finds no merit to Fields's claim that he was wrongly sentenced for crack cocaine, nor does the court find a factual basis on which counsel could have objected to the court's sentence for crack cocaine.

## B.

Fields next argues that the government failed to prove, by a preponderance of the evidence, that he was accountable for 496 grams of cocaine[1] and that he facilitated the sale of a firearm which was used in furtherance of the conspiracy.[2] Fields raised both claims in an objection to the PSR and on direct appeal. Upon review of the trial and sentencing transcripts, the Fourth Circuit affirmed the judgment below, finding that there was no clear error in the sentencing court's determination that Fields was accountable for at least 150 grams of crack cocaine and that Fields did possess a firearm that was used in furtherance of the conspiracy. Once an issue has been fully considered and decided by the Court of Appeals, the defendant cannot re-litigate the issue before this court under § 2255. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th 1976).

---

[1] Fields appears to argue that the court should have only counted drugs that he actually or constructively possessed. However, the relevant conduct that a court must consider in determining drug weight in a conspiracy case includes not only the defendant's own actions, but also the actions of his co-conspirators, taken in furtherance of jointly-undertaken criminal activity, that are foreseeable to him within the scope of the agreement. United States v. Irvin, 2 F.3d 72 (4th Cir. 1993).

[2] Fields also contends that his counsel provided ineffective assistance by failing to object, at or before sentencing, to the drug weight attributed to Fields. Counsel, however, contested the drug weight attributed to Fields in the PSR, arguing that it was improper to find Fields guilty of an amount greater than 50 grams–the amount that was submitted to the jury and for which the jury found Fields guilty. Counsel also raised the issue on direct appeal to the Fourth Circuit. For these reasons, Fields's claim of ineffective assistance of counsel has no merit.

4

## IV. CONCLUSION

For the foregoing reasons, the court will grant the motion to dismiss, and will deny Fields's § 2255 motion in its entirety. An appropriate order will be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of April, 2008.

*/s/ Glen Conrad*
United States District Judge